WRIGHT, FINLAY & ZAK, LLP
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
R. Samuel Ehlers, Esq.
Nevada Bar No. 9313
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148
(702) 475-7978; Fax: (702) 946-1345
sehlers@wrightlegal.net
*Attorneys for Defendants, Caliber Home Loans, Inc. and U.S. Bank Trust, N.A., As Trustee for LSF9 Master Participation Trust*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re VAN R. MCDOW and IRMA M. MCDOW,<br><br>Debtors | Case. No. 10-26388-LED<br><br>CHAPTER 13<br><br>Adv. Proc. No.: 16-01092-LED |
| VAN R. MCDOW and IRMA M. MCDOW,<br><br>Plaintiffs,<br><br>v.<br><br>CALIBER HOME LOANS, INC.; and U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust,<br><br>Respondents | **ANSWER OF DEFENDANTS CALIBER HOME LOANS, INC AND U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST** |

COME NOW Defendants Caliber Home Loans, Inc ("Caliber") and U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("US Bank") (hereinafter Caliber and US Bank will be referred to collectively as "Defendants") and answer the Complaint on file herein as follows:

///

///

///

///

///

1

## JURISDICTION

2      **1.**    Answering paragraph 1 of the Complaint, Defendants deny jurisdiction as alleged,

3  or at all.

4      **2.**    Answering paragraph 2 of the Complaint, Defendants object to the allegations as

5  legal opinions or conclusions; without waving the objections, and to the extent a response is

6  necessary, then Defendants deny the court has jurisdiction to address violations arising under

7  NRS 107.080.

8      **3.**    Answering paragraph 3 of the Complaint, Defendants deny the allegations.

9      **4.**    Answering paragraph 4 of the Complaint, Defendants deny the allegations.

10     **5.**    Answering paragraph 5 of the Complaint, Defendants deny the allegations.

11     **6.**    Answering paragraph 6 of the Complaint, Defendants deny the allegations.

12     **7.**    Answering paragraph 7 of the Complaint, Defendants admit the allegations.

13

## PARTIES

14     **8.**    Answering paragraph 8 of the Complaint, Defendants lack information sufficient

15  to admit or deny, and thereon denies said allegations.

16     **9.**    Answering paragraph 9 of the Complaint, Defendants admit the allegations

17  contained therein.

18     **10.**    Answering paragraph 10 of the Complaint, Defendants admit the allegations

19  contained therein.

20

## ALLEGATIONS APPLICABLE TO ALL C OUNTS

21  **Plaintiffs' Chapter 13 Bankruptcy**

22     **11.**    Answering paragraph 11 of the Complaint, Defendants admit the allegations

23  contained therein.

24     **12.**    Answering paragraph 12 of the Complaint, Defendants admit the allegations.

25     **13.**    Answering paragraph 13 of the Complaint, Defendants admit the allegations

26  contained therein.

27     **14.**    Answering paragraph 14 of the Complaint, Defendants object to the allegations on

28  the ground that the document speaks for itself.

**15.**     Answering paragraph 15 of the Complaint, Defendants object to the allegations on the ground that the document speaks for itself.

**16.**     Answering paragraph 16 of the Complaint, Defendants object to the allegations on the ground that the document speaks for itself.

**17.**     Answering paragraph 17 of the Complaint, Defendants are informed and believe the allegations were untrue; that at all material times, the Plaintiffs knew the identity of the note holder and beneficiary, and the servicer for the loan, and based thereon, deny the allegations.

**18.**     Answering paragraph 18 of the Complaint, Defendants lack information sufficient to admit or deny, and thereon deny said allegations.

**19.**     Answering paragraph 19 of the Complaint, Defendants lack information sufficient to admit or deny, and thereon deny the allegations.

**20.**     Answering paragraph 20 of the Complaint, Defendants lack information sufficient to admit or deny, and thereon deny the allegations.

**21.**     Answering paragraph 21 of the Complaint, Defendants object to the allegations on the ground that the document speaks for itself.

**22.**     Answering paragraph 22 of the Complaint, Defendants lack information sufficient to admit or deny, and thereon deny the allegations.

**23.**     Answering paragraph 23 of the Complaint, Defendants objects to the allegations on the ground that the document speaks for itself.

**24.**     Answering paragraph 24 of the Complaint, Defendants lack information sufficient to admit or deny, and thereon deny the allegations.

**Post Chapter 13 Discharge**

**25.**     Answering paragraph 25 of the Complaint, Defendants lack information sufficient to admit or deny, and thereon deny the allegations.

**26.**     Answering paragraph 26 of the Complaint, Defendants admit the allegation.

**27.**     Answering paragraph 27 of the Complaint, Defendants object to the allegations on the ground that the document speaks for itself.

**28.**     Answering paragraph 28 of the Complaint, Defendants object to the allegations on the ground that the document speaks for itself.

**29.**     Answering paragraph 29 of the Complaint, Defendants deny the allegations.

**30.**     Answering paragraph 30 of the Complaint, Defendants deny the allegations.

**31.**     Answering paragraph 31 of the Complaint, Defendants object to the allegations on the ground that the document speaks for itself.

**32.**     Answering paragraph 32 of the Complaint, Defendants object to the allegations on the ground that the document speaks for itself.

**33.**     Answering paragraph 33 of the Complaint, Defendants deny the allegations.

**34.**     Answering paragraph 34 of the Complaint, Defendants lack information sufficient to admit or deny, and thereon deny said allegations.

**35.**     Answering paragraph 35 of the Complaint, Defendants lack information sufficient to admit or deny, and thereon deny said allegations.

**36.**     Answering paragraph 36 of the Complaint, Defendants lack information sufficient to admit or deny, and thereon deny the allegations.

**37.**     Answering paragraph 37 of the Complaint, Defendants lack information sufficient to admit or deny, and thereon deny the allegations.

## <u>COUNT I</u>

**(Violations of the Confirmed Chapter 13 Plan and Discharge Injunction)**

**38.**     Answering paragraph 38 of the Complaint, Defendants repeat, re-allege, and incorporate by this reference each of their denials, objections, and affirmative defenses to the previous paragraphs as if fully set forth here.

**39.**     Answering paragraph 39 of the Complaint, Defendants admit that the Plaintiffs did allege above that the Defendants have violated the confirmed chapter 13 plan and the discharge injunction.  Except as expressly admitted, Defendants deny the allegations in this paragraph, including the allegation that Defendants violated the confirmed chapter 13 plan and/or the discharge injunction.

**40.**     Answering paragraph 40 of the Complaint, Defendants deny the allegations.

**41.** Answering paragraph 41 of the Complaint, Defendants object because the allegations state legal conclusions; provided however, that to the extent paragraph 41 does require a response, Defendants deny said allegations.

**42.** Answering paragraph 42 of the Complaint, Defendants lack information sufficient to admit or deny the allegations, and based thereon, deny them.

**43.** Answering paragraph 43 of Complaint, Defendants deny the allegations.

**44.** Answering paragraph 44 of Complaint, Defendants object because the allegations state legal conclusions; provided however, that to the extent paragraph 44 does require a response, Defendants deny the allegations.

**45.** Answering paragraph 45 of Complaint, Defendants deny the allegations.

**46.** Answering paragraph 46 of Complaint, Defendants object to the allegations as vague; without waiving the objections, Defendants admit only that the Plaintiffs seek unspecified damages, but deny the Plaintiffs are entitled to those damages, or any other relief, or at all.

**47.** Answering paragraph 47 of Complaint, the allegation is in the nature of a prayer for relief, not an allegation of fact, so that no response to the prayer is necessary.

## COUNT II

### (Violations of N.R.S. 107.080)

**48.** Answering paragraph 48 of the Complaint, Defendants repeat, re-allege, and incorporate by this reference each of their denials, objections, and affirmative defenses as if fully set forth here.

**49.** Answering paragraph 49 of the Complaint, Defendants object because the statute speaks for itself.

**50.** Answering paragraph 50 of the Complaint, Defendants object because the statute speaks for itself.

**51.** Answering paragraph 51 of the Complaint, Defendants object because the statute speaks for itself.

**52.** Answering paragraph 52 of the Complaint, Defendants object because the statute speaks for itself.

**53.** Answering paragraph 53 of the Complaint, Defendants object because the statute speaks for itself.

**54.** Answering paragraph 54 of the Complaint, Defendants deny the allegations

**55.** Answering paragraph 55 of Complaint, Defendants deny the allegations.

**56.** Answering paragraph 56 of Complaint, Defendants admit U.S. Bank Trust was and is the beneficiary of the deed of trust. Except as expressly admitted, Defendants deny the allegations, except to aver that the promissory note and its endorsements and allonges speaks for itself.

**57.** Answering paragraph 57 of Complaint, Defendants deny the allegations.

**58.** Answering paragraph 58 of Complaint, Defendants are without information sufficient to admit or deny and thereon deny the allegations.

**59.** Answering paragraph 59 of Complaint, Defendants deny the allegations therein.

**60.** Answering paragraph 60 of Complaint, Defendants are without information sufficient to admit or deny and thereon deny the allegations.

**61.** Answering paragraph 61 of the Complaint, Defendants deny the allegations.

**62.** Answering paragraph 62 of the Complaint, Defendants deny the allegations.

**63.** Answering paragraph 63 of Complaint, Defendants object because the allegations state legal conclusions; provided however, that to the extent paragraph 64 does require a response, Defendants deny said allegations

## TRUST DEFENDANT ASSERTS THE FOLLOWING AFFIRMATIVE DEFENSES:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief maybe granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Estoppel)

Plaintiffs acknowledged the deed of trust was in senior position in the chain of title and that a debt in excess of $360,000 was due, owing and unpaid, and are estopped to assert a

1  contrary position in this case.

2  ### THIRD AFFIRMATIVE DEFENSE

3  **(Failure of Statutory Precedent)**

4  Pursuant to 11 U.S.C. § 506(d) an adversary action is necessary to extinguish a first

5  position deed of trust in bankruptcy and such a lien cannot be extinguished in an inconsistent and

6  contradictory bankruptcy plan.

7  ### FOURTH AFFIRMATIVE DEFENSE

8  **(Equitable Doctrines)**

9  Defendants allege that the Plaintiffs' claims are barred by the equitable doctrines of

10  laches, unclean hands, and failure to do equity.

11  ### FIFTH AFFIRMATIVE DEFENSE

12  **(Waiver and Estoppel)**

13  Defendants allege that by reason of Plaintiffs' acts and omissions, Plaintiffs have waived

14  its rights and is estopped from asserting the claims against Defendants.

15  ### SIXTH AFFIRMATIVE DEFENSE

16  **(Void for Vagueness and Ambiguity)**

17  To the extent that Plaintiffs' bankruptcy plan is vague and ambiguous the Plan lien

18  stripping provisions should be void.

19  ### SEVENTH AFFIRMATIVE DEFENSE

20  **(Due Process Violations)**

21  A senior deed of trust beneficiary cannot be deprived of its property interest in violation

22  of the Procedural Due Process Clause of the 5th and 14th Amendment of the United States

23  Constitution and Article 1, Sec. 8, of the Nevada Constitution.

24  ### EIGHTH AFFIRMATIVE DEFENSE

25  **(Violation of Procedural Due Process)**

26  The Chapter 13 Plan is void or otherwise does not operate to extinguish the first Deed of

27  Trust pursuant to the Due Process Clauses of the Nevada Constitution and United States

28

1  Constitution without reasonable notice being provided to the lender that a lien was being stripped
2  when the borrowers had confirmed the lien position in the same bankruptcy case.

### NINTH AFFIRMATIVE DEFENSE

**(Improper Cramdown)**

5       Plaintiffs' actions in seeking to cramdown the lien of their primary residence violates 11
6  U.S.C § 1322(b)(2).

### TENTH AFFIRMATIVE DEFENSE

**(Additional Affirmative Defenses)**

9       The Complaint and each of its purported claims does not describe the claims against
10 Defendants with sufficient particularity and certainty to enable Defendants to determine what
11 further defenses may exist. Defendants reserve the right to assert all defenses that may be
12 pertinent to or arise from Plaintiffs' claims against it when the precise nature of those claims has
13 been ascertained.  Defendants also reserve the right to assert additional affirmative defenses in
14 the event discovery and/or investigation indicates that additional affirmative defenses are
15 applicable.
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. That the Court make a judicial determination that US Bank's Deed of Trust is a valid and enforceable lien that encumbers the Property.

2. That Plaintiffs recover nothing on account of the claims made in the Complaint and each of its purported claims;

3. For reasonable attorney's fees and costs; and

4. For any such other and further relief as the Court may deem just and proper in the case.

DATED this 26th day of September, 2016.

WRIGHT, FINLAY & ZAK, LLP

Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
R. Samuel Ehlers, Esq.
Nevada Bar No. 9313
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148
*Attorneys for Defendants, Caliber Home Loans, Inc. and U.S. Bank Trust, N.A., As Trustee for LSF9 Master Participation Trust*

## CERTIFICATE OF SERVICE

1.     On September 26, 2016, I served the following document(s):

**ANSWER OF DEFENDANTS CALIBER HOME LOANS, INC AND U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST**

2.     I served the above-named document(s) by the following means to the persons as listed below:

(Check all that apply)

■ a.     ECF System (You must attach the "Notice of Electronic Filing", or list all persons and address and attach additional paper if necessary)

PETER M. ALDOUS, MICHAEL J. BROCK, GEORGE HAINES, AND DAVID KRIEGER on behalf of Debtor VAN R. MCDOW AND IRMA M. MCDOW
paldous@hainesandkrieger.com, jpl.brock@gmail.com,
ghaines@hainesandkrieger.com,

KATHLEEN A. LEAVITT
courtsecf3@las13.com

■ b.     United States mail, postage fully pre-paid (List persons and addresses. Attach additional paper if necessary)

IRMA M MCDOW
VAN R MCDOW
8216 CHIMNEY BLUFFS ST.
NORTH LAS VEGAS, NV 89085

CALIBER HOME LOANS, INC.
PO BOX 24330
OKLAHOMA CITY, OK 73124

□ c.     Personal Service (List persons and addresses. Attach additional paper if necessary)

I personally delivered the document(s) to the persons at these addresses:

_____

□     For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

□     For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d.    By direct email (as opposed to through the ECF System) (List persons and email addresses. Attach additional paper if necessary)

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e.    By fax transmission (List persons and fax numbers. Attach additional paper if necessary)

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f.    By messenger (List persons and addresses. Attached additional paper if necessary)

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.    (A declaration by the messenger must be attached to the Certificate of Service).

I declare under penalty of perjury that the foregoing is true and correct.

Signed on this _26th_ day of September, 2016.

An employee of Wright, Finlay & Zak, LLP